**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| GOVERNMENT EMPLOYEES | ) | |
| INSURANCE COMPANY | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CIV. ACT. NO. 1:21-cv-541-TFM-B |
| | ) | |
| RAYMOND EDWARD SHEA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Plaintiffs' Motion for Default Judgments (Docs. 153, 155, and 157.  Plaintiffs request the Court enter a default judgment in their favor and against these Defendants USA Health Physicians Billing Services LLC, USA Neurology Specialist – Strada Patient Care, and USA Neurosurgery Specialists / Walter Rusyniak Jr.  Having considered the motions and relevant law, the Court finds the motions for default judgments as they relate to these three defendants are due to be **DENIED** for the reasons discussed below.

**I.      STANDARD OF REVIEW**

Rule 55 of the Federal Rules of Civil Procedure provides the mechanism for default judgments.  Specifically, Rule 55 establishes a two-part process for obtaining a default judgment.  First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend and that failure is shown by affidavit or otherwise, the clerk [of court] must enter the party's default."  FED. R. CIV. P. 55(a).  After default has been entered, if the "claim is for a sum certain or a sum that can be made certain by computation," the clerk must enter default judgment.  FED. R. CIV. P. 55(b)(1).  "In all other cases, the party must apply to the court for a default judgment."  FED. R. CIV. P. 55(b)(2).  Once a party applies for a default judgment, "[t]he

court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." *Id*. Accordingly, simply because a defendant is in default under Rule 55(a) does not mean the plaintiff is automatically entitled to a default judgment under Rule 55(b). *See generally* 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure § 2685 (4th ed. 2016). Additionally, in this Circuit, "there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003); *see also Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244-45 (11th Cir. 2015) (quoting *Worldwide Web Sys* and holding same). The Eleventh Circuit states default judgments are "a drastic remedy that should be used sparingly and only in extreme situations where no other forms of relief are available." *Graveling v. Castle Mortg. Co.*, 631 F. App'x 690, 698 (11th Cir. 2015) (quoting *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316-17 (11th Cir. 2002) (internal quotations omitted).

While the entry of default is a necessary condition for obtaining a default judgment, it is not sufficient. "[A] default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover," but is instead "a defaulted defendant is deemed to 'admit[] the plaintiff's well-pleaded allegations of fact.'" *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). "Thus, before entering a default judgment for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Id*. Put simply, when assessing default judgment

damages, the Court has "an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2007); *see also See, e.g., Boswell v. Gumbaytay*, Civ. Act. No. 2:07-CV-135, 2009 U.S. Dist. LEXIS 46007, 2009 WL 1515912, at *8 (M.D. Ala. June 1, 2009) (Watkins, J.) (in entering a default judgment, "[t]he court's core duty is 'to assure itself that there is a legitimate basis for any damage award it enters'") (quoting *Anheuser-Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003)).

Rule 55(b)(1) permits entry of judgment by the clerk without a hearing in cases where "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). In all other cases, the Court "may conduct hearings" to "conduct an accounting," "determine the amount of damages," "establish the truth of any allegation by evidence," or "investigate any other matter." Fed. R. Civ. P. 55(b)(2)(A)-(D). Though the language indicates a hearing is not a "*per se* requirement," Eleventh Circuit precedent indicates that evidentiary hearings "are required in all but limited circumstances." *SEC v. Smythe*, 420 F.3d 1225, 1231-32 n. 13 (11th Cir. 2005); *see also Safari Programs, Inc. v. CollectA Int'l Ltd.*, 686 F. App'x 737, 746-47 (11th Cir. 2017) (citing Rule and *Smythe*).

## II.   DISCUSSION AND ANALYSIS

Federal Rule of Civil Procedure 4(h) provides:

(h) Serving a Corporation, Partnership, or Association. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
    (1) in a judicial district of the United States:

        (A)   in the manner prescribed by Rule 4(e)(1) for serving an individual; or

        (B)   by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of

> process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; or

> (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

FED. R. CIV. P. 4(h).  Rule 4(e)(1), in turn, provides that an individual "may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  FED. R. CIV. P. 4(e)(1).  Here GEICO filed its complaint in the District Court for the Southern District of Alabama.

The Court turns to the motions for default judgment filed against the following defendants:

(1) USA Health Physicians Billing Services LLC – Doc. 153

(2) USA Neurology Specialist – Strada Patient Care – Doc. 155

(3) USA Neurosurgery Specialists / Walter Rusyniak Jr. – Doc. 157

The Court will address each in turn using a quick chart for reference starting with USA Health Physicians Billing Services LLC.

| USA Health Physicians Billing Services LLC | |
| --- | --- |
| **Supporting Document No.** | **Description** |
| Doc. 16, filed 1/26/22 | Return of Service attaching Green Card with "Covid-19" in signature block and dated 12/21/21. |
| Doc. 152, dated 5/4/22 | Application for Entry of Default and Affidavit in Support of Motion for Entry of Default Judgment – relies solely upon Return of Service dated 12/21/21 |
| Doc. 162, dated 5/4/22 | Entry of Default by Clerk |
| Doc. 153, dated 5/4/22 | Motion for Default Judgment which includes same affidavit as Application for Entry of Default |

GEICO does not offer further evidence that USA Health Physicians Billing Services, LLC was properly served. Fed. R. Civ. P. (4)(e)(2)*; see also Cunningham v. Matrix Fin. Servs.*, Civ. Act. No. 8:20-mc-00065-CJC-JDE, 2021 U.S. Dist. LEXIS 62513, at *10-11, 2021 WL 1156851, at *4-5 (C.D. Calif. Feb. 4, 2021) (finding a certified mail return receipt with "COVID 19" written in the signature block was insufficient proof of service); *cf. Macias v. Grange Ins. Co.*, Civ. Act. No. 2:20-CV-00170, 2020 U.S. Dist. LEXIS 151780, at *6, 2020 WL 4913215, at *2 (W.D. La. Aug. 20, 2020) (finding a certified mail return receipt with "ST 102 C19" written in the signature block was sufficient proof of service because the plaintiffs provided evidence that the code was used by the United States Postal Service ("USPS") instead of a signature because the carriers were not permitted to have direct contact with customers due to the COVID-19 pandemic and submitted an explanation from the Postmaster that the mail piece was delivered to the desired recipient at his listed address).

The undersigned adheres to the philosophy that default judgment requires certainty of proper service and "Covid-19" or other similar notes do not satisfy that requirement.  *See First Acceptance Ins. Co. v. Rosser*, Civ. Act. No. 2:20-cv-554, 2021 U.S. Dist. LEXIS 95631, 2021 WL 2013056 (S.D. Ala. May 19, 2021).  Moreover, a review of the Business Entity Records maintained by the Alabama Secretary of State shows a different address for the registered agent than the one shown on the green card with the Covid-19 signature.  *See* https://www.sos.alabama.gov/government-records/business-entity-records.  As such, the Court finds that default judgment is not appropriate, denies the motion (Doc. 153) and further sets aside the entry of default (Doc. 162).

Next, the Court looks to Defendant USA Neurology Specialist – Strada Patient Care.

| USA Neurology Specialist – Strada Patient Care | |
|---|---|
| **Supporting Document No.** | **Description** |
| Doc. 14, filed 1/26/22 | Return of Service attaching Green Card with "Covid-19" in signature block and dated 12/22/21. |
| Doc. 154, dated 5/4/22 | Application for Entry of Default and Affidavit in Support of Motion for Entry of Default Judgment – relies solely upon Return of Service dated 12/22/21 |
| Doc. 163, dated 5/4/22 | Entry of Default by Clerk |
| Doc. 155, dated 5/4/22 | Motion for Default Judgment which includes same affidavit as Application for Entry of Default |

Again, as discussed above, the Court does not find the green card with the signature of "Covid-19" to be sufficient as to proof of service when considering that default judgment.  As such, the Court finds that default judgment is not appropriate, denies the motion (Doc. 155) and further sets aside the entry of default (Doc. 163).

Finally, the Court looks to USA Neurosurgery Specialists - Walter G. Rusyniak Jr. MD.

| USA Neurosurgery Specialists and/or Walter G. Rusyniak Jr. MD | |
|---|---|
| **Supporting Document No.** | **Description** |
| Doc. 15, filed 1/26/22 | Return of Service attaching Green Card with "Covid-19" in signature block and dated 12/21/21. |
| Doc. 156, dated 5/4/22 | Application for Entry of Default and Affidavit in Support of Motion for Entry of Default Judgment – relies solely upon Return of Service dated 12/22/21 |
| Doc. 164, dated 5/4/22 | Entry of Default by Clerk |
| Doc. 157, dated 5/4/22 | Motion for Default Judgment which includes same affidavit as Application for Entry of Default |

Again, as discussed above, the Court does not find the green card with the signature of "Covid-19" to be sufficient as to proof of service when considering that default judgment.  As such, the Court finds that default judgment is not appropriate, denies the motion (Doc. 157) and further sets aside the entry of default (Doc. 164).

## III.    CONCLUSION

Accordingly, based on the foregoing analysis, Plaintiffs' Motion for Default Judgments (Docs. 153, 155, and 157) are **DENIED**.  Further, the Entry of Default for each (Docs. 162, 163, and 164) are **SET ASIDE**.

**DONE** and **ORDERED** this the 15th day of March 2023.

 s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE