### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIV. ACT. NO. 1:21-cv-541-TFM-B ) |
| RAYMOND EDWARD SHEA, *et al*. | ) ) |
| Defendants. | ) |

### **MEMORANDUM OPINION AND DEFAULT JUDGMENT**

The Court previously held hearings on multiple motions for default judgment for parties who failed to file claims as to the insurance proceeds at issue in this lawsuit. At those hearings, the Court issued oral orders granting the motions for default judgment. *See* Docs. 597, 660.

Specifically, the Court has granted the following motions for default judgment:

| **Defendant** | **Status** |
|---|---|
| Brandi L. Parlee, MSN | Default Judgment Orally Granted (Doc. 597 granting Docs. 183, 185) |
| Amanda B. Peacock, ACNP | Default Judgment Orally Granted (Doc. 597 granting Doc. 516) |
| Merit Health Hospital | Default Judgment Orally Granted (Doc. 597 granting Doc. 512) |
| Brent S. Martin | Default Judgment Orally Granted (Doc. 597 granting Doc. 441) |
| MD Talha Mahmut Kaner | Default Judgment Orally Granted (Doc. 597 granting Doc. 475) |
| M.D. Yann-Lee L Lee | Default Judgment Orally Granted (Doc. 597 granting Doc. 522) |
| Nina Riordan, MD | Default Judgment Orally Granted (Doc. 660 granting Doc. 626) |
| Margaret E. Seymour | Default Judgment Orally Granted (Doc. 660 granting Doc. 653) |

This opinion now memorializes the oral orders and issues default judgment as to these defendants.

Rule 55 of the Federal Rules of Civil Procedure provides the mechanism for default judgments. Specifically, Rule 55 establishes a two-part process for obtaining a default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend and that failure is shown by affidavit or otherwise, the clerk [of court] must enter the party's default." FED. R. CIV. P. 55(a). After default has been entered, if the "claim is for a sum certain or a sum that can be made certain by computation," the clerk must enter default judgment. FED. R. CIV. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." FED. R. CIV. P. 55(b)(2). Once a party applies for a default judgment, "[t]he court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." *Id*. Accordingly, simply because a defendant is in default under Rule 55(a) does not mean the plaintiff is automatically entitled to a default judgment under Rule 55(b). *See generally* 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure § 2685 (4th ed. 2016). Additionally, in this Circuit, "there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003); *see also Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244-45 (11th Cir. 2015) (quoting *Worldwide Web Sys.* and holding same). The Eleventh Circuit states default judgments are "a drastic remedy that should be used sparingly and only in extreme situations where no other forms of relief are available." *Graveling v. Castle Mortg. Co.*, 631 F. App'x 690, 698 (11th Cir. 2015) (quoting *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316-17 (11th Cir. 2002) (internal quotations omitted).

While the entry of default is a necessary condition for obtaining a default judgment, it is

not sufficient. "[A] default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover," but instead "a defaulted defendant is deemed to 'admit[] the plaintiff's well-pleaded allegations of fact.'" *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

Rule 55(b)(1) permits entry of judgment by the clerk without a hearing in cases where "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." FED. R. CIV. P. 55(b)(1). In all other cases, the Court "may conduct hearings" to "conduct an accounting," "determine the amount of damages," "establish the truth of any allegation by evidence," or "investigate any other matter." FED. R. CIV. P. 55(b)(2)(A)-(D). Though the language indicates a hearing is not a "*per se* requirement," Eleventh Circuit precedent indicates that evidentiary hearings "are required in all but limited circumstances." *SEC v. Smythe*, 420 F.3d 1225, 1231-32 n. 13 (11th Cir. 2005); *see also Safari Programs, Inc. v. CollectA Int'l Ltd.*, 686 F. App'x 737, 746-47 (11th Cir. 2017) (citing Rule and *Smythe*).

After default was entered, the Court set a hearing and notified the Defendants of the hearing date. The Court also provided notice that this would be the final opportunity for the Defendants to assert any claim as to any portion of the insurance proceeds identified in the Interpleader Complaint and that failure to attend the hearing would result in the entry of default judgment. The Defendants all failed to attend the hearings.

In the case at hand, the Plaintiff does not seek damages, but rather a declaration as to the division of the $300,000.00 insurance proceedings among the known claimants and default judgment as to the remaining defendants who did not assert a claim precluding them from later making any claims against the policy.

The Court enters default judgment as to the following Defendants:

(1) Brandi L. Parlee, MSN,

(2) Amanda B. Peacock, ACNP,

(3) Merit Health Hospital,

(4) Brent S. Martin, MD

(5) Talha Mahmut Kaner,

(6) M.D. Yann-Lee L Lee,

(7) Nina Riordan, MD, and

(8) Margaret E. Seymour

It is further **ORDERED** that these defendants are barred from bringing any and all future claims, demands, damages (compensatory or punitive), actions, causes of action, statutory actions, contractual benefits, or suits of any kind or nature whatsoever on account of the lawsuit which is described as *Government Employees Insurance Company, as Insurer of Raymond Edward Shea and Pauline D. Shea v. Raymond Edward Shea, et al.*, Civ. Act. No. 1:21-cv-541-TFM-B (S.D. Ala.) and from making any future claims under Plaintiff Government Employee Insurance Company's policy of insurance which provided coverage and was in effect during the June 23, 2020, accident which was the basis of the Plaintiff's Complaint (Doc. 1).

**DONE** and **ORDERED** this 25th day of October 2023.

s/Terry F. Moorer  
TERRY F. MOORER  
UNITED STATES DISTRICT JUDGE